## Case No. 6,740a.

### In re HOUTMAN.

[Nowhere reported; opinion not now accessible.]

HOUTZ (SMITH v.). See Case No. 13,062.

## Case No. 6,741.

### HOVEY v. The FRANCIS SKIDDY.

[43 Hunt. Mer. Mag. (1860) 68.]

District Court, S. D. New York.

#### COLLISION—NEGLIGENCE.

[A tug with a tow and a steamboat were navigated at a low rate of speed in the Hudson river, in a fog so thick that they were first warned of their dangerous proximity by the noise of each other's paddles when about 200 feet apart. The tug immediately reversed. The steamboat stopped. and then tried to cross the tug's bows, and collided with the tow. *Held*, it appearing that if the steamboat had reversed at once the collision would not have happened, that she should be held solely in fault.]

This case came up on exceptions to the report of the commissioner to whom the case was referred under the rules of January term, 1859. The action was brought by [Alfred H. Hovey], the owner of the canal boat Atlantic, to recover the damages occasioned by her being run into by the Skiddy on the Hudson river. The boat was in tow of the steam tug Illinois. There was a fog up-

on the river so thick that the boats were first warned of their dangerous proximity by the noise of each other's paddles, at a distance of some two or three hundred feet apart. The commissioner reported in favor of the libellant.

HELD BY THE COURT (BETTS, District Judge): That the commissioner had authority to hear the case under the rules. That the case is one of admiralty jurisdiction. That on the facts both vessels were culpable in being kept under headway in such a state of the atmosphere, though their fault was mitigated by their being driven at so low a rate of speed. That, if this fault had continued until the collision, it would have been a case of mutual fault, calling for an apportionment of the damages. That on the proofs, however, the tug stopped and backed at such a distance that a like proceeding on the part of the Skiddy would probably have prevented a collision, and this fault no longer remained common to both. That, when it was ascertained on the Skiddy that she was stopping in a critical closeness to the tug, she was started ahead, crossing the bows of the tug, and that this proceeding was a fault casting the blame of the collision upon her. That the pleadings on both sides are faulty in not setting forth distinctly all the facts material to be proved to support the case of the prosecution or defence, and proofs on those points not alleged would have been legally inadmissible. That the court also might refuse to decide those points not specifically at issue on the pleadings, but as the case has been fully discussed on the merits, and the pleadings can be reformed on an appeal, if one is taken, the court will decide on the law and facts of the case that the findings of the commissioner are correct, and that the exceptions must be overruled. Decree, therefore, for libelant, with a reference to ascertain the damages.